IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Criminal Case No. 51-cr-12585-WDM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ALBERT NOEL PAGE,

    Defendant.

## ORDER ON MOTION TO SEAL RECORDS

Miller, J.

This case is before me on the Motion to Seal Records, filed November 13, 2003, by Albert Noel Page. At my request, the government filed a response indicating it has no objection to the motion so long as this Court has the authority to grant Mr. Page's request.

### Background

In his Motion to Seal Records, Mr. Page, who is proceeding *pro se*, states that he has had a clean record since his 1950 offense, which occurred when he was fourteen years old. Mr. Page claims not sealing his records could cause "irreparable damage to all the hard work [he has] done for the past fifty years."

### Discussion

Although I am sympathetic to Mr. Page's request and commend him for his "clean record," I find I lack jurisdiction over his request. There is no current statutory authority that would permit the sealing or expungement of his juvenile record, although I note that 18 U.S.C. § 5038 requires that juvenile records be safeguarded from disclosure under specific

guidelines.[1]

As the Supreme Court explained in *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994), "[f]ederal courts . . . possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree[.]" 511 U.S. at 377 (quotations omitted). Although 18 U.S.C. § 3231 grants original jurisdiction over offenses against the laws of the United States, that jurisdiction in this case was terminated over fifty years ago when Mr. Page was released from probation.

Reliance on ancillary jurisdiction is likewise unavailing. The *Kokkonen* Court observed that it has limited reliance on ancillary jurisdiction to the purposes of (1) permitting "disposition by a single court of claims that are, in varying respects and degrees, factually interdependent," and (2) enabling "a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." *Id.* at 379-80. As several Circuit courts have held, the expungement of a criminal record does not fall within these bounds of ancillary jurisdiction. *See United States v. Coloian*, 480 F.3d 47 (1st Cir. 2007) (request for expungement based solely on equitable grounds did not serve either purpose for ancillary jurisdiction as described in *Kokkonen*) (collecting cases). Here, the original charge of juvenile delinquency has nothing to do with Mr. Page's grounds for sealing the record–that he has had a clean record for fifty years–and the power to expunge is not necessary to enable this Court to function successfully.

---

[1] The Federal Youth Corrections Act of 1950 contained a provision permitting a court to set aside a juvenile conviction and giving the youth offender a certificate to that effect; this provision was repealed in 1984. 18 U.S.C. § 5021(b) (repealed).

Accordingly, it is ORDERED:

The motion to seal records, filed November 13, 2003, is denied as beyond the jurisdiction of this Court.

DATED at Denver, Colorado, on June 2, 2011.

BY THE COURT:

s/ Walker D. Miller
United States District Judge